**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE EFRAIN ORELLANA-MORALES
and ELSA MARINA SANABRIA-
MAGANA,

　　　　　　Petitioners,

　v.

ERIC H. HOLDER, Jr., Attorney General,[*]

　　　　　　Respondent.

No. 08-71146

Agency Nos. A070-812-577
　　　　　　 A070-965-079

MEMORANDUM[**]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2010[***]

Before:　GOODWIN, WALLACE and THOMAS, Circuit Judges.

　　Petitioners Jose Efrain Orellana-Morales and Elsa Marina Sanabria-Magana,

husband and wife and natives and citizens of El Salvador, petition for review of a

---

　[*]　　Eric H. Holder, Jr., is substituted for his predecessor, Michael B.
Mukasey, as Attorney General of the United States.　Fed. R. App. P. 43(c)(2).

　[**]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　[***]　　The panel unanimously concludes this case is suitable for decision
without oral argument.　*See* Fed. R. App. P. 34(a)(2).

Board of Immigration Appeals order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Substantial evidence supports the Board's denial of asylum and withholding of removal because petitioners failed to show that Orellana-Morales's alleged persecutors were guerillas who targeted him on account of his prior military service. Mr. Orellana-Morales could not explain why the unidentified men beat him in his home, other than to suggest they were either former guerillas or an individual to whom he had sold a car. *Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground"); *Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001) (explaining that persecution because of a personal vendetta is not persecution on account of imputed political opinion).

Substantial evidence also supports the Board's denial of CAT relief based on the Board's finding that petitioners did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the El Salvadoran government. *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**